32

Alexander F. Gorniakowski et al., Petitioners, v. Hollis S. Ingraham, as Commissioner of Health of the State of New York, Respondent.

Third Department, November 6, 1969.

*Norman Kellar* (*Norman Dorsen* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Dunton F. Tynan, Ruth Kessler Toch, Martin H. Schulman* and *Stanley Fishman* of counsel), for respondent.

Reynolds, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court, Albany County) to vacate an order of the Commissioner of Health requiring petitioner, Alexander Gorniakowski, to cease and abate, by October 30, 1968, emissions into the atmosphere of odors emanating from the operation of his pig feeding farm in Schenectady County.

Petitioner urges that the Air Pollution Control Act (Public Health Law, art. 12-A) and the regulations implementing it under which the instant order was issued are inapplicable to agriculture and also unconstitutionally vague. We do not, however, need to resolve these important and complex issues here

because there is a more fundamental ground requiring the vacatur of the instant order in that the regulation promulgated by the Air Pollution Control Board and found to have been violated by petitioner (10 NYCRR 186.1) fails as here applied to comply with sections 1271 and 1276 of the Public Health Law. We read paragraph (a) of subdivision 2 of section 1271 and subdivision 4 of section 1276 as requiring the board as a preliminary step to issuing regulations to "prepare and develop a general comprehensive plan for the control or abatement of existing air pollution * * * recognizing varying requirements for different areas of the state". This comprehensive plan is designed to establish a degree of air purity in different areas of the State consistent with the economic or residential characteristics of the particular region affected. Once this plan is established more specific regulations will then follow to ensure that the air purity levels established by the board for each area are maintained. The instant regulation fails completely to give any recognition to variations in geographic areas, and, is thus invalid as here applied. Accordingly, since no standards for Schenectady had been issued at the time of the instant order (some were later promulgated, see 10 NYCRR 546.1–546.4), there existed no valid basis to determine that petitioner's activity was "polluting" the air. Petitioner clearly cannot be held accountable for violation of a statute where its meaning cannot be determined without implementing regulations not yet in existence.

The determination should be annulled, with costs.

HERLIHY, P. J., STALEY, JR., and COOKE, JJ., concur.

Determination annulled, with costs.